IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00663-BNB

MICHAEL WHITINGTON,

    Plaintiff,

v.

CHRISTINE NOSCHETTI [sic],
LT. TRUJILLO,
C/O REAL,
CAPT. GONZALES,
LT. STEINBECK,
JOHN DOE,
JANE DOE,
CAPT. BUTTLER,
JOHN DOE II,
WARDEN ESTEP,
CAPT. MICHAELS,
C/O GONZALES,
JANE DOE II,
JOHN DOE III,
JOE ORTIZ,
DIRECTOR OF CDOC MENTAL HEALTH, and
WILLIAM ZALMAN,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2007

GREGORY C. LANGHAM
               CLERK

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Michael Whitington, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He filed *pro se* an amended complaint for money damages pursuant to 42 U.S.C. § 1983 (2006), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He also asserts

jurisdiction pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (2005), as well as apparently supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006).

The Court must construe the amended complaint liberally because Mr. Whitington is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Whitington will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1),

which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Whitington fails to alleges which claim is asserted pursuant to which statute. *See* Fed. R. Civ. P. 8(a)(1). In addition, his amended complaint is prolix. It does not include a short and plain statement of Mr. Whitington's claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize his allegations. The complaint appears to cover a period of time from 1998 to June 2006, and concerns events that occurred during his incarceration at the Denver Reception and Diagnostic Center, Arkansas Valley Correctional Facility, Limon Correctional Facility, Fort Lyon Correctional Facility, Kit Carson Correctional Center, Sterling Correctional Facility, and San Carlos Correctional Facility.

Rather than summarizing each claim succinctly, Mr. Whitington provides 145 numbered paragraphs of chronological events that are divided among four individual claims with numerous subclaims. In his first claim, Mr. Whitington (a) objects to his classification as a violent offender; (b) contends that he was sanctioned by the loss of twenty days of good-time credits on a disciplinary conviction for violation of a posted operational rule, a sanction he maintains was enhanced in retaliation for his filing grievances and letters challenging prison policies and staff conduct; (c) complains that his radio was destroyed as an act of retaliation while he was in the process of exhausting the grievance process concerning the radio; (d) complains that on one occasion his canteen order was withheld for a few days as an act of retaliation; and (e)

3

alleges that he was transferred to another DOC facility in retaliation for filing numerous grievances.

In his second claim, Mr. Whitington (a) complains that he was fired from his prison kitchen job because of his mental disability, and (b) alleges that he was transferred because of the grievances and criminal complaints he filed. In his third claim, Mr. Whitington (a) complains that he was transferred to another prison in retaliation for filing a series of grievances and letters to the warden, (b) contends that he was threatened with a disciplinary action for engaging in a contract because Lexis sent him four law books, and (c) alleges that mail from this Court was returned to the sender instead of forwarded to him after he was transferred to another prison.

As his fourth claim, Mr. Whitington (a) complains that he was unable to get into drug and alcohol classes in order to qualify for treatment for hepatitis-C because inmates are prioritized for enrollment by release or parole date and he apparently has a low priority, (b) asserts that he was transferred to a different prison in retaliation for his prison complaints and never allowed to take the drug and alcohol classes, and (c) complains that the DOC raised the criteria for receiving treatment for hepatitis-C above the national standard.

Mr. Whitington apparently expects the Court to piece together his claims and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Whitington's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Whitington must allege, simply and concisely, his specific claims for relief, including the specific rights

that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In the second amended complaint he will be directed to file, Mr. Whitington also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Whitington may use fictitious names, such as "John Doe" and "Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Whitington uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ.

P. 8 and that Mr. Whitington should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Mr. Whitington is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Whitington should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Whitington file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Whitington, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Whitington submit sufficient copies of the second amended complaint to serve each named defendant. It is   FURTHER ORDERED that, if Mr. Whitington fails to comply with this order to the

Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 8, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00663-BNB

Michael Whitington
Prisoner No. 98082
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/8/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk