**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-00663-LTB-KMT

MICHAEL WHITINGTON,

       Plaintiff,

v.

CHRISTINE MOSCHETTI,
LT. TRUJILLO,
C/O REAL,
CAPT. GONZALES,
LT. STEINBECK,
WARDEN OF DRDC IN 1998,
PLAINTIFF'S CASEMANAGER IN 1998 AT DRDC,
CAPT. BUTLER,
LIMON'S IWLP SUPERVISOR,
WARDEN ESTEP,
CAPT. MICHAELS,
C/O GONZALES,
ASS. WARDEN OF FLCF,
CDOC MEDICAL DIRECTOR,
JOE ORTIZ,
CDOC MENTAL HEALTH DIRECTOR,
WILLIAM ZALMAN,
THOMAS BULLARD,
E. LITTLE,
LT. VAN METER,
WARDEN LAYBA, and
SCCF PROGRAMS MANAGER,

       Defendants.
_____

**ORDER**
_____

This case is before me on the recommendation of the Magistrate Judge [**Docket # 72**] that

the Defendants' Motion for Summary Judgment be granted in part and denied in part. Both

parties have filed objections to the Magistrate Judge's recommendation. I review the parties'

objections to the Magistrate Judge's recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); *In re Griego,* 64 F.3d 580, 584 (10th Cir. 1995); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). Under this standard of review, I may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

Although my *de novo* review reveals that the Magistrate Judge's analysis is legally correct and fully supported by the record in this case—*see, e.g., Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980); *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.,* 70 F.3d 1172, 1175 (10th Cir. 1995)—it appears from the Defendants' opposition brief that the scope of the Magistrate Judge's recommendation was somewhat abstruse. Accordingly—while I fully agree with the Magistrate Judge's conclusions and recommendation—I add some limited additional clarification below.

The motion presented to the Magistrate Judge was entitled: "Motion for Summary Judgment." The Magistrate Judge recommended granting summary judgment and dismissing in favor of Defendants on all but two claims: Claim Two—retaliation in violation of the First Amendment—as against Defendants Butler, Michaels, Smith, Zalman, and Estep; and Claim Five—cruel and unusual punishment in violation of the Eighth Amendment—as against Defendants Bullard and Ortiz. As to these two remaining claims, the Magistrate Judge recommended denying the relief requested.

While Defendants construe the Magistrate Judge's recommendation as to these two claims as a recommendation of denial of summary judgment, a close reading shows Defendants did not make a summary judgment argument as to these two claims in the first instance—instead

arguing only that Plaintiff failed to state a claim on these two issues.  As Defendants did not make a summary judgment argument, the Magistrate Judge did not make a summary judgment inquiry.  Instead, the Magistrate Judge properly inquired only into the arguments made in Defendants' underlying motion and her order recommending denial of Defendants' motion was limited to whether Plaintiff properly pleaded a claim.  In light of Defendants' failure to adequately make a summary judgment argument in their motion below, I will not read a summary judgment argument into their objections to the Magistrate Judge's recommendation. *See Gonzales v. Qwest Commc'ns Corp.*, 160 F. App'x 688, 689 (10th Cir. 2005).  Defendants remain free to file a motion for summary judgment on these issues at some later date, if appropriate.

Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc 56) is GRANTED IN PART AND DENIED IN PART as follows:

1. GRANT and DISMISS all claims against Defendants Joe Ortiz and William Zalman in their official capacities;

2. GRANT and DISMISS Claim One including all claims against Defendant Warden of DRDC in 1998, William Bokros, and Defendant Plaintiff's Case Manager in 1998 at DRDC, Larry Turner in all capacities;

3. GRANT and DISMISS the retaliation claims contained in Claim Two against Defendants Capt. Gonzales, Christine Moschetti, Lt. Steinbeck, C/O Rael, Lt. Trujillo and C/O Ricky Gonzales in all capacities;

4. DENY the Motion as to the retaliation claims contained in Claim Two as to Capt. Butler, Capt. Michaels, Ass. Warden Cheryl Smith, William Zalman and Warden Estep in their individual capacities;

    5.    GRANT and DISMISS all claims contained in Claim Three, including all claims against Warden Layba (sic, Warden Ron Leyba), SCCF Program Manager (Kim Thompson), Joe Ortiz, Capt. Butler and unserved Defendant Limon's IWLP Supervisor in any capacity;

    6.    GRANT and DISMISS all claims contained in Claim Four, including all claims against Defendants Eva Little, Lt. Van Meter, and Thomas Bullard in any capacities;

    7.    DENY the Motion with respect to Claim No. Five as to Defendants Thomas Bullard and Joe Ortiz in their individual capacities.

IT IS FURTHER ORDERED that claims against Capt. Butler, Capt. Michaels, Ass. Warden Cheryl Smith, William Zalman, and Warden Estep, each in their individual capacity, for retaliation as outlined in Claim Two and claims against Joe Ortiz and Thomas Bullard, each in their individual capacity, for Eighth Amendment violations as outlined in Claim Five be set for further proceedings.

Dated: April   14th  , 2009.

                                          BY THE COURT:

                                          s/Lewis T. Babcock
                                          Lewis T. Babcock, Judge