IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–00663–LTB–KMT

MICHAEL WHITINGTON,

      Plaintiff,

v.

CAPT. BUTTLER and Limon's IWLP Supervisor,
WARDEN ESTEP,
CAPT. MICHAELS,
WILLIAM ZALMAN,
THOMAS BULLARD
JOE ORTIZ, in his individual capacity, and
CHERYL SMITH,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on the "Motion to Amend the Plaintiff's Complaint."

([Doc. No. 131] [filed November 30, 2009] [hereinafter "Mot."].)  Defendants filed their

Response on December 20, 2009.  ([Doc. No. 137] [hereinafter "Resp."].)  Plaintiff seeks to

amend the Complaint to add claims against several individuals.

      The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave

of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).

Although the Federal Rules permit and require liberal construction and amendment of pleadings,

the Rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## I.      *Undue Delay*

The Scheduling Order entered by Magistrate Judge Shaffer on October 31, 2007 set the discovery cut-off date for April 30, 2008, and the dispositive motions deadline for May 31, 2008. (Doc. No. 34.)  During the pendency of this case, discovery has been allowed well outside the time limits originally set by Magistrate Judge Shaffer and discovery issues have been resolved by this court.  (*See, e.g.*, Doc. No. 105.)  While a deadline to amend pleadings was not set in this matter, the present Motion was filed after the filing of dispositive motions and only a few weeks before the now re-scheduled final pretrial conference.  Accordingly, the court finds the present Motion untimely.

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (internal citations omitted).  When considering the showing necessary to establish "undue" delay, "[t]his Circuit . . . focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. Plaintiff's Motion does not describe the vast majority of his proposed amendments or explain their necessity. Nevertheless, upon review of the Proposed Amended Complaint (hereinafter "PAC"), it is evident that Plaintiff seeks to add claims for deliberate indifference, in violation of the Eighth Amendment, against several new defendants.

In the PAC, supplementing his original Claim Five, Plaintiff alleges physician's assistant Don Lawson, Dr. Rittenhouse, and Dr. Champjack wrongfully denied him Hepatitis C treatment between July 2007 and December 2009. (PAC at 21–23.) Plaintiff claims James T. Michaud, CDOC Mental Health Director, and Carolyn Sutherland, CDOC Medical Director, created policies that delayed Plaintiff's treatment for Hepatitis C. (*Id*. at 4, 23–25.) Plaintiff asserts that LD Hay, CDOC Budgeting Director, made budget-cuts that resulted in delaying Plaintiff's Hepatitis C treatment. (*Id*. at 4, 24.) Plaintiff further alleges Gary Shames, Medical Unit Supervisor, failed to create policies that would allow Plaintiff to access Hepatitis C treatment. (*Id*. at 5, 25, 30.) Plaintiff maintains each defendant was deliberately indifferent to Plaintiff's medical needs associated with his Hepatitis C condition, in violation of the Eighth Amendment. (*Id*. at 26.)

Plaintiff contends he did not seek to amend his complaint until now because Defendants' first Motion for Summary Judgment ([Doc. No. 56] [filed May 30, 2008]) was pending before this court. However, parties routinely move to amend pleadings while dispositive motions are pending before the court. The fact that a motion for summary judgment was pending does not

3

excuse Plaintiff from timely filing his motion to amend the complaint.  The court finds Plaintiff's

reasons for not bringing this Motion sooner do not constitute good cause for his untimeliness in

seeking to amend the Complaint.

Moreover, Defendants claim that allowing the PAC would be prejudicial to them as it

would require additional discovery and motions practice on the newly asserted claims against the

new defendants.  (Resp. at 6.)  While a showing of prejudice is not necessary to justify denying

leave to amend that is filed out of time, *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452,

1462 (10th Cir. 1991), the court agrees the proposed amendments would be prejudicial to the

defendants.  This court's second Report and Recommendation recommending this action be

dismissed in large part is currently pending before the District Judge.  (Doc. No. 135.)

Furthermore, a Final Pretrial Conference is set for February 18, 2010.  (Doc. No. 134.)  The

addition of the new defendants would certainly entail reopening discovery.  At this late stage in

the proceedings, the court finds the proposed amendments prejudicial.

## II.     *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in

support of his amendment that would entitle him to relief.  *See, e.g., Beckett v. United States*, 217

F.R.D. 541, 543 (D. Kan. 2003).  "Although Fed. R. Civ. P. 15(a) provides that leave to amend

shall be given freely, the district court may deny leave to amend where amendment would be

futile.  A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th

Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).  To withstand a

4

motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (internal quotations omitted).

This court previously recommended that Defendants Bullard and Ortiz be dismissed because Plaintiff had failed to present evidence showing that he had suffered substantial harm as a result of the alleged delay in receiving Hepatitis C treatment.  Doc. No. 135 at 18–20; *see Sealock v. Colo.*, 218 F.3d 1205, 1210 (10th Cir. 2000) (delay in providing medical care to a prisoner constitutes an Eighth Amendment violation only if it results in substantial harm).  Plaintiff's proposed Eighth Amendment claims against the new defendants suffer from the same defect: Plaintiff has failed to set forth factual allegations or evidence showing that he suffered substantial harm as a result of the alleged delay in treatment.  Accordingly, all seven proposed defendants are subject to a recommendation of dismissal on the grounds set forth by this court in its December 9, 2009 Report and Recommendation.  (*See id.* at 18–20.)

Furthermore, Plaintiff essentially alleges Drs. Lawson, Rittenhouse, and Champjack negligently failed to provide him Hepatitis C treatment.  "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v.*

5

*Gamble*, 429 U.S. at 105–06).  Since each of Plaintiff's proposed claims are subject to dismissal, they are, by definition, futile.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** the "Motion to Amend the Plaintiff's Complaint" (Doc. No. 131) be **DENIED**.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of*

6

*Real Property*, 73 F.3d at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of December, 2009.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge