**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-00663-LTB-KMT

MICHAEL WHITINGTON,

    Plaintiff,

v.

WARDEN ESTEP,

    Defendant.
_____

**ORDER**
_____

In my order of January 21, 2010 (Doc 144), I granted Defendants' Second Motion for Summary Judgment in part and ordered entry of summary judgment in favor of Defendants Zalman, Butler, Michaels, Smith, Ortiz, and Bullard as to all remaining claims. As to Defendant Estep I held his Motion for Summary Judgment (Doc 112) in abeyance on Plaintiff's Claim Two against him of the Second Amended Prisoner Complaint. These rulings were entered upon *de novo* review of the Recommendation of the Magistrate Judge issued and served on December 9, 2009.

In my January 21, 2010 Order, I directed Plaintiff to file any response he may have to Defendant's objection (Doc 138) to the Magistrate Judge's Recommendation as to Defendant Estep on or before February 12, 2010. Plaintiff has failed to file any response to the Defendant Estep's objection. I again review the Magistrate Judge's Recommendation that Defendant Estep's Motion for Summary Judgment be denied *de novo*.

In her Recommendation, the Magistrate Judge correctly notes evidence showing that Defendant Estep knew about Plaintiff's numerous grievances at the time he approved with

retaliatory motivation the November 2005 transfer in question. She notes the affidavit of Rex Kohl, the classification officer liaison for the facility from which Plaintiff was transferred stating that it was based on Plaintiff's transfer classification on November 10, 2005 because at that time the institution, FLCF, was in the process of being designated as the primary facility to house "geriatric, chronically ill, and physically disabled offenders" so the Colorado Department of Corrections sought to transfer those offenders with medium custody level designation who did not fit these categories. This was done to make room for offenders from other facilities that had these medical concerns and could be housed and cared for at FLCF. Officer Kohl stated in his affidavit that "Mr. Whittington did not have these types of medical concerns and was transferred to make room for other offenders in the CDOC that had these medical concerns." The Magistrate Judge stated that "neither side addresses whether Hepatitis C qualified Plaintiff for placement at FLCF. Accordingly, the Court finds that the evidence presented in Officer Kohl's affidavit does not resolve the contested issue of motivation for the November 2005 transfer."

This is the lynchpin upon which the Magistrate Judge recommended denial of Defendant Estep's Second Motion for Summary Judgment.

Attached as Exhibit A to Defendant Estep's objection to the Magistrate Judge's recommendation (Doc 138) is the affidavit of Dr. Paula Franz, Chief Medical Officer since March 2008, Colorado Department of Corrections. The affidavit reflects that she reviewed Plaintiff's CDOC medical file and is familiar with the care provided to him when he was transferred from FLCF on November 10, 2005. At that time he had been diagnosed as having Hepatitis C. In paragraph 5 of her affidavit she states:

> "Having Hepatitis C is not a medical condition that would require an offender to be housed in a skilled medical needs unit. The treatment for Hepatitis C does not

2

> interfere with the offenders ability to perform activities of daily living. Hepatitis C is a medical condition that can be (and is) properly treated at any of the CDOC facilities that have clinic and med-line capability. The CDOC practitioners treat Hepatitis C at virtually all of the facilities except the camps."

It is precisely because of this exhibit attached to Defendant's objections that I held in abeyance final review of the Magistrate Judge's Recommendation upon Defendant Estep's Second Motion for Summary Judgment and provided to Plaintiff the opportunity to fairly respond to Defendant Estep's objection. Plaintiff having failed to respond to the objection and the matters contained within Attachment A to that objection, Dr. Franz's affidavit is virtually undisputed. This leads to the inescapable conclusion that Plaintiff would have been transferred in any event regardless of Defendant Estep's retaliatory motivation.

The three elements to Plaintiff's retaliation claim are (1) the Plaintiff was engaged in a constitutionally protected activity, (2) the Defendant's actions caused the Plaintiff to suffer an injury sufficient to chill a person of ordinary firmness from continuing to engage in that activity, and (3) the Defendant Estep was substantially motivated by Plaintiff's involvement in the constitutionally protected activity. *Worrel v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). As to the third element, the Plaintiff must show a genuine issue of material fact exists that the "actual motivating factor behind Defendant's action was retaliation for his prior or current litigation. He must prove that 'but for' the retaliatory motive, the incidents to which he refers would not have taken place." *Smith v. Machner*, 899 F.2d 940, 949-50 (10th Cir. 1990). I find a conclude that no reasonable jury could, upon the record in this case, find that Plaintiff can satisfy this element of causation. That is there exists no genuine issue of material fact that but for the retaliatory motive his transfer would not have taken place. I therefore conclude that Plaintiff has failed to meet his summary judgment burden on

Defendant Estep's Second Motion for Summary Judgment and that summary judgment in favor of Estep will enter. Accordingly

IT IS ORDERED that the Magistrate Judge's Recommendation as to Defendant Estep is not approved and summary judgment shall enter in favor of Defendant Estep upon the Plaintiff's Claim Two against Defendant Estep.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: May   20  , 2010